IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY MICHAELS, <br> 43 Diamond Run Street <br> Las Vegas, NV 89148, <br> *Plaintiff*, <br> v. <br> MATTHEW G. WHITAKER, IN HIS OFFICIAL CAPACITY, <br> 950 Pennsylvania Avenue, N.W., <br> Washington, D.C. 20530, <br> *Defendant*. | Case No. 18-cv-2906 |

# COMPLAINT

1.     Plaintiff Barry Michaels seeks declaratory and injunctive relief—and in the alternative a writ of quo warranto— against Matthew G. Whitaker, in his official capacity, to prevent him from exercising authority as Acting Attorney General.  Mr. Whitaker's appointment violates the Constitution and federal statute, and he is directly involved in litigating against plaintiff before the United States Supreme Court.  *Michaels v. Whitaker*, No. 18-496 (S. Ct. Jun. 27, 2018).  An immediate injunction enjoining Mr. Whitaker from supervising the Department of Justice's response to plaintiff's pending petition for writ of certiorari in the Supreme Court is necessary— the response is due next Monday, and plaintiff will be irreparably injured if the Government is

allowed to file with Mr. Whitaker at the helm. Given the extraordinarily short time, plaintiff respectfully submits that the Court expedite consideration of the matter. 28 U.S.C. § 1657.

2. Plaintiff brings his causes of action pursuant to this Court's equitable jurisdiction, *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015), as well as the federal quo warranto statute, D.C. Code §§ 16-3501-3503; *see SW Gen., Inc. v. N.L.R.B.*, 796 F.3d 67, 81 (D.C. Cir. 2015), *aff'd*, 137 S. Ct. 929 (2017); *Andrade v. Lauer*, 729 F.2d 1475, 1499 (D.C.Cir.1984); *see also Acting Officers*, 6 Op. O.L.C. 119, 122 (Jan 27, 1982) ("As a rule, the authority of *de facto* officers can be challenged only in special proceedings in the nature of *quo warranto* brought directly for that purpose."). The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202, and an injunction under Fed. R. Civ. P. 65(a)

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Barry Michaels is a natural citizen of the United States, residing in Las Vegas, Nevada.

5. Defendant Matthew G. Whitaker is the former Chief of Staff to U.S. Attorney General Jefferson B. Sessions III. Mr. Whitaker was unlawfully appointed Acting Attorney General on November 7, 2018, while plaintiff's petition for a writ of certiorari was pending. By operation of Supreme Court Rule 35, Mr. Whitaker was automatically substituted as a defendant in plaintiff's Supreme Court case.

## FACTUAL ALLEGATIONS

6. Plaintiff is a convicted non-violent felon. He brought his original action in federal district court in Nevada seeking to invalidate 18 U.S.C. § 922(g)(1) as unconstitutional, naming, as relevant here, former U.S. Attorney General Loretta Lynch in her representative capacity. *Michaels v. Lynch*, No. 216CV00578JADPAL, 2017 WL 388807, at *1 (D. Nev. Jan. 26, 2017). The district court dismissed the complaint, *id.* at *2-3, and the U.S. Court of Appeals for the Ninth Circuit affirmed on November 3, 2017, *Michaels v. Sessions*, 700 F. App'x 757, 758 (9th Cir. 2017) (per curiam). While the case was pending before the court of appeals, Jeff Sessions was automatically substituted as a defendant under Fed. R. App. P. 43(c)(2), in his representative capacity as Attorney General of the United States. *Id.* at n.*.

7. After the Ninth Circuit denied plaintiff's petition for rehearing and rehearing en banc, plaintiff filed a petition for a writ of certiorari in the U.S. Supreme Court, seeking review of when, among other things, an as-applied challenge to the constitutionality of a felon disarmament law may be brought, a question on which the circuit courts are split. *See* Petition for Writ of Certiorari at 1, 12-15, *Michaels v. Whitaker*, No. 18-496 (S. Ct. Jun. 27, 2018).

8. On November 7, 2018, while plaintiff's petition for a writ of certiorari was pending, Mr. Sessions submitted his resignation as Attorney General to President Trump. *See* Letter from Jefferson B. Sessions III to President Donald J. Trump (Nov. 7, 2018), *available at* https://cnn.it/2SVkdaQ (last accessed Dec. 11, 2018). Shortly thereafter, President Trump purported to appoint Mr. Whitaker as the Acting Attorney General. *See* Donald J. Trump (@realDonaldTrump), Twitter (Dec. 11, 2018, 11:44AM), https://bit.ly/2STEopE. Pursuant to Supreme Court Rule 35, Mr. Whitaker was then automatically substituted as the respondent in the Supreme Court case.

9. The Attorney General determines when not to enforce federal statutes on the ground that they are unconstitutional, and has plenary authority over all federal litigation in which the Government is a party. *See, e.g.*, 28 U.S.C. §§ 510-19, 530D; 50 U.S.C. § 1804. Thus, only the proper Acting Attorney General may oversee the Government's response to plaintiff's petition for a writ of certiorari, and decide whether to defend against plaintiff's constitutional claim.

10. For the reasons set forth in the accompanying motion and memorandum, the appointment of Mr. Whitaker as Acting Attorney General violates the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2, is not authorized by the Vacancies Act, 5 U.S.C. § 3345 et seq. Under the Attorney General Succession Act, 28 U.S.C. § 508, Rod Rosenstein, not Mr. Whitaker, is the proper party to oversee the Government's response to plaintiff's petition for a writ of certiorari.

11. In its response to plaintiff's motion for substitution in the Supreme Court, the Government asserted that the Court did not have the authority to resolve the issue. Response to Motion to Substitute, *Michaels v. Whitaker*, No. 18-496 (S. Ct. Nov. 26, 2018).

## CLAIM I: INJUNCION UNDER *ARMSTRONG*

12. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

13. An injunction is warranted because plaintiff has shown that Mr. Whitaker's appointment is unlawful, allowing him to act as Attorney General will cause plaintiff irreparable injury, the balance of hardships are in plaintiff's favor, and the appointment of the appropriate Acting Attorney General according to the requirements of the Constitution and U.S. Code is of immense public interest due to the Attorney General's plenary authority over federal litigation, as well as substantial policymaking and oversight power.

14.     This Court has authority to issue an injunction against a "federal official[]" for "violations of federal law." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015) (citing, *e.g.*, *Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 110 (1902) (suit to enjoin Postmaster General from withholding mail in violation of federal statute)).  Moreover, plaintiff may bring a "collateral attack" on Mr. Whitaker's authority because plaintiff brings his action "at or around the time that the challenged government action is taken"—the Government's response to plaintiff's petition for certiorari is due Monday—and "the agency or department involved has had reasonable notice under all the circumstances of the claimed defect in the official's title to office"—plaintiff has already challenged Mr. Whitaker's authority in the Supreme Court, the parties have engaged on the merits of the issue, and Mr. Whitaker faces similar challenges all across the country.  *See SW Gen., Inc.*, 796 F.3d at 81 (quoting *Andrade*, 729 F.2d at 1499).

15.     Plaintiff will be irreparably harmed if the Government is permitted to file its response to the petition for a writ of certiorari under the supervision of Mr. Whitaker.  Although not necessary for Plaintiff's claim, on information and belief, it is likely that Mr. Whitaker is already directly involved in the case, given plaintiff's high-profile challenge to his authority in the Supreme Court, which has been widely reported in the press.  *See, e.g.*, Devlin Barrett, *Whitaker's Opponents Take Legal Challenge to Supreme Court*, The Washington Post (Nov. 16, 2018), https://wapo.st/2UDymKy; Associated Press, *Challenge to Matthew Whitaker's Appointment as Acting Attorney General Seeks Supreme Court Ruling* (Nov. 17, 2018), http://bit.ly/2B8JOoJ.  And once the Government files its response, it is likely to argue that this issue is moot.

16.     Moreover, on information and believe, Mr. Whitaker is likely to be personally involved in the decisionmaking regarding the position set forth by the Department of Justice in the Supreme Court.  *See, e.g.*, Jeff Murdock, *Whitaker Unveils Initiative to Stop 'Trigger-Pullers and Gun*

*Traffickers Who Supply Them' in Memphis*, The Washington Times (Nov. 28, 2018), http://bit.ly/2rug1lY.  Previous Attorney Generals have inserted themselves directly into cases involving challenges under the Second Amendment, like plaintiff's.  *See, e.g.*, Linda Greenhouse, *Justice Dept. Reverses Policy on Meaning of the Second Amendment*, N.Y. Times (May 7, 2002), https://nyti.ms/2UAvi1O; Dane Eggen, *Ashcroft:  Gun Ownership and Individual Right*, Washington Post (May 24, 2001).  For example, former Attorney General John Ashcroft expressed positive views as to other subsections of the very statute plaintiff challenges as unconstitutional. John Ashcroft, *In re United States v. Emerson*, Office of the Attorney General (Nov. 9, 2001) ("I am pleased that the decision upholds the constitutionality of 18 U.S.C. 922(g)(8) – which prohibits violent persons who are under domestic restraining orders from possessing firearms."), *available at* http://bit.ly/2PuoWgN.

17. If this Court determines that Rod Rosenstein, the Senate-confirmed Deputy Attorney General, is the correct Acting Attorney General, plaintiff will ask Mr. Rosenstein to acquiesce to the petition for a writ of certiorari and agree with plaintiff on the merits of the case. Petitioner has not made that request of Mr. Whitaker only because of his firm believe that Mr. Whitaker was not lawfully appointed.

18. Plaintiff should prevail even if the correct official would exercise his oversight and decisionmaking authority in the exact same way as Mr. Whitaker.  The fact that an unconstitutional appointee is making the decisions is itself a cognizable harm.  *Landry v. F.D.I.C.*, 204 F.3d 1125, 1131 (D.C. Cir. 2000) (collecting authorities).  Plaintiff is entitled not only to litigate his petition against the proper Acting Attorney General, Rod Rosenstein, but also to have him make the determination under 28 U.S.C. § 530D whether to defend the challenged statute.

19.   The balance of equities and public interest favor the Court issuing an in-junction. The Government has no valid interest in vesting decisionmaking authority in an unlawfully appointed official. Mr. Rosenstein, who was confirmed by the Senate and who has seamlessly served as Acting Attorney General in various circumstances, would assume Mr. Whitaker's responsibilities for this case.

### CLAIM II:  WRIT OF QUO WARRANTO

20.   Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

21.   A writ of quo warranto is justified because, as set forth in the accompanying motion and memorandum, Mr. Whitaker "unlawfully holds or exercises . . . a public office of the United States." D.C. Code § 16-3501. *See Acting Officers*, 6 Op. O.L.C. 119, 122 (Jan 27, 1982) ("As a rule, the authority of *de facto* officers can be challenged only in special proceedings in the nature of *quo warranto* brought directly for that purpose.").

22.   Because Mr. Whitaker has supervisory authority over the Supreme Court litigation, as set forth above, and for the same reasons that plaintiff will suffer irreparable harm absent an injunction, plaintiff is an "interested person" under the quo warranto statute, who "may apply to the court by certified petition for leave to have the writ issued." D.C. Code § 16-3503; *see SW Gen., Inc.*, 796 F.3d at 81; *Andrade*, 729 F.2d at 1498-99.; *cf. Newman v. U.S. of Am. ex rel. Frizzell*, 238 U.S. 537, 551 (1915) (recognizing that "there might be cases under the civil service law in which the relator would have an interest and therefore a right to be heard" under quo warranto).

23.   It would be futile to request that the Acting Attorney General "institute a quo warranto proceeding" against himself on plaintiff's behalf, *id.*, especially in light of the Government's

position, already stated, that Mr. Whitaker is the proper Acting Attorney General. *See* Response to Motion to Substitute, *Michaels v. Whitaker*, No. 18-496 (S. Ct. Nov. 26, 2018). Plaintiff therefore need not first make such request to Mr. Whitaker before seeking the writ of quo warranto in this Court. *See SW Gen., Inc.*, 796 F.3d at 81; *Andrade*, 729 F.2d at 1498 (because "Attorney General was responsible for appointing" the challenged officers, "[r]equiring appellants to convince the Attorney General to file a *quo warranto* action on their behalf in this case would effectively bar their access to court," and "the court should avoid an interpretation of the de facto officer doctrine that would likely make it impossible for these plaintiffs to bring their assumedly substantial constitutional claim and would render legal norms concerning appointment and eligibility to hold office unenforceable").

## CLAIM III:  DECLARATORY JUDGMENT

24. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

25. Plaintiff is entitled to a declaration that Mr. Whitaker in not the Acting Attorney General, and that Rod Rosenstein is. This Court has authority to issue a declaratory judgment based on the causes of action set forth above. *See* 28 U.S.C. §§ 2201-2202.

## REQUEST FOR RELIEF

For the foregoing reasons, as well as those set forth in the accompanying motion and memorandum for injunction, plaintiff respectfully requests that the Court enter an ORDER that:

(1) Declares that Rod J. Rosenstein is the Acting Attorney General;

(2) Declares that Matthew G. Whitaker's appointment as Acting Attorney General violated the Appointments Clause;

(3)     Declares that Matthew G. Whitaker's appointment as Acting Attorney General violated the Attorney General Succession Act;

(4)     Enjoins Matthew G. Whitaker from:

    a. Exercising authority as Acting Attorney General;

    b. Supervising the Department of Justice's response to plaintiff's pending petition for writ of certiorari and subsequent briefing in the U.S. Supreme Court on the merits of the case;

(5) Any other relief the Court deems just and appropriate.

By: /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter
dhwoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

Michael E. Zapin
michaelezapin@gmail.com
20283 State Rd. 7
Suite 400
Boca Raton, FL 33498
(561) 367-1444

*Attorneys for Plaintiff Barry Michaels*