## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY MICHAELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2906 |
| | ) |
| MATTHEW G. WHITAKER, in his | ) |
| official capacity as Acting Attorney General, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED SCHEDULE RELATING TO HIS EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

On December 11, 2018, Plaintiff Barry Michaels filed a Complaint seeking declaratory and injunctive relief—and in the alternative a writ of quo warranto—against Defendant Matthew G. Whitaker to prevent him from exercising his authority as Acting Attorney General. *See* Compl., ECF No. 1. Plaintiff also filed an Emergency Motion for Preliminary Injunction that asks this Court to take the extraordinary step of unseating a presidentially designated Acting Attorney General and turn over control of the Department of Justice to Deputy Attorney General Rod J. Rosenstein, as well as the bizarre, and likely unprecedented, step of directly interfering with ongoing proceedings before the U.S. Supreme Court. *See* Mot. for Prelim. Inj., ECF No. 2 ("Mot."). Specifically, Plaintiff asks this Court to prevent Mr. Whitaker from supervising a filing before the Supreme Court—the Government's response to Plaintiff's pending petition for writ of certiorari—in a case arising out of the Ninth Circuit. The Government's response in that case, *Michaels v. Whitaker*, No. 18-496 (S. Ct. Jun. 27, 2018), is due on Monday, December 17.

Local Rule of Civil Procedure 65.1(c) gives Defendant until December 18, 2018, to file his opposition to Plaintiff's emergency motion. Plaintiff asks the Court to shorten that time to set a hearing on Friday, December 14, 2018. *See* Mot. at 2. He does so solely to seek injunctive relief that

1

interferes with the Government's December 17 filing before the Supreme Court. As set forth below, that request should be denied because Plaintiff does not attempt to justify his significant delay in seeking the relief sought here, does not explain why he has yet to ask the Supreme Court for this relief, and cannot explain how or why this Court should interfere with the Department of Justice's filings in the Supreme Court when the Supreme Court obviously would be entirely capable of addressing Plaintiff's claim if he had even raised it there. Although Plaintiff's emergency motion should be summarily denied on the basis that it improperly asks the Court to interfere with litigation in an unrelated case before the Supreme Court, at a minimum, the briefing of this emergency motion should proceed in the manner prescribed by this Court's local rules. Thus, the Court should allow Defendant to file his opposition by no later than December 18, 2018.

## ARGUMENT

Notwithstanding the fact that the President designated Mr. Whitaker to act temporarily as Attorney General on November 7, 2018, *see* Designating an Acting Attorney General, 42 Op. O.L.C. __, at 1 (Nov. 14, 2018), slip op. ("OLC Memorandum"),[1] Plaintiff chose to wait over a month to file this emergency motion. Notably, Plaintiff does not explain the reason for such delay and why, despite waiting this long, Defendant should be forced to address his motion in less than two days. Plaintiff's delay is particularly inexcusable given the fact that he asked the Supreme Court for relief relating to the validity of Mr. Whitaker's designation, but did not ask for the relief sought here.

On November 16, 2018, Plaintiff—the petitioner in *Michaels v. Whitaker*, No. 18-496 (S. Ct. Jun. 27, 2018)[2] —asked the Supreme Court to substitute Rod J. Rosenstein, the Deputy Attorney

---

[1] *Available* at https://www.justice.gov/olc/file/1112251/download.

[2] Plaintiff had brought a putative class action alleging that the federal prohibition on firearm possession by convicted felons, 18 U.S.C. 922(g)(1), is unconstitutional as applied to certain individuals convicted of non-violent felonies. Following the Ninth Circuit's decision affirming the dismissal of his action, Plaintiff filed a petition for a writ of certiorari naming then-Attorney General

General, as a respondent in lieu of Acting Attorney General Whitaker.  Plaintiff asked the Court to substitute Rod J. Rosenstein as Acting Attorney General on the basis that Mr. Whitaker's designation is unlawful on both statutory and constitutional grounds.[3]  Plaintiff also invited the Supreme Court to order additional briefing on the lawfulness of Mr. Whitaker's designation, *see* Petitioner's Mot. to Substitute at 3 n.1, *Michaels v. Whitaker*, No. 18-496 (U.S. Nov. 16, 2018), but the Supreme Court has declined to take that step.  Plaintiff has known for over a month that the Government's response to his petition for writ of certiorari is due on December 17.  But he did not ask the Supreme Court to prevent Mr. Whitaker from exercising his supervisory authority over the Government's December 17 filing (or any other injunctive relief).  And indeed, Plaintiff has not asked the Supreme Court for such relief to this day.

Despite the numerous opportunities to ask the Supreme Court for additional relief concerning the Government's December 17 response, he waited until now to ask this Court—a forum that has no nexus to the *Michaels v. Whitaker* lawsuit—to order emergency injunctive relief that would implicate the Government's conduct of litigation before the Supreme Court.  The unjustified delay undermines Plaintiff's request for an expedited schedule or any other emergency relief.  In fact, Plaintiff's unjustified delay warrants the summary denial of his motion for a preliminary injunction.

Plaintiff's demand for an expedited schedule, after his own dilatory conduct, is particularly unsound given the extraordinary nature of the order he seeks.  Plaintiff asks this Court to interfere

---

Sessions as one of the respondents in the case.  *See* Mem. for Respondents in Opposition to Petitioner's Mot. to Substitute, *Michaels v. Whitaker*, No. 18-496 (U.S. Nov. 2018) (attached to Plaintiff's Motion as Exhibit B, ECF No. 2-1).

[3] On November 9, 2018, two days after the designation of Mr. Whitaker, the Government's motion for extension of time to respond to Plaintiff's petition was granted and the deadline to respond was set for December 17.

with the Department's conduct of litigation currently pending in the Supreme Court, which is of course more than capable of supervising its own proceedings.

Indeed, the Supreme Court alone has the "*exclusive*" and "inherent supervisory authority" to manage its own affairs and dispose of its own cases. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (emphasis added). And the fact that the Supreme Court has not ruled on Plaintiff's motion for substitution does not give him *carte blanche* to file an emergency motion in this Court implicating his pending litigation in the Supreme Court. *Id.* (concluding that the "supervisory responsibility" over the Supreme Court's own staff and affairs "is exclusive to the Supreme Court and that neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise").

If the Court does not summarily deny Plaintiff's belated "emergency" motion for preliminary injunction, it should adopt a schedule consistent with Local Rule 65.1(c). That rule provides that Defendant's opposition to an application for preliminary injunction "shall be served and filed within seven days after service of the application" and that "a hearing on an application . . . shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." Loc. Civ. R. 65.1(c). Under this rule, Defendant is entitled to file his opposition to the emergency motion by December 18, 2018 and not before. And although Plaintiff argues that "[i]t should not be difficult for the Government to respond on an expedited basis" because the Government has an opinion from the Office of Legal Counsel and "briefs in multiple cases (including this one in the Supreme Court)," Mot. at 2, Plaintiff conveniently ignores that his Complaint seeks a form of relief—the writ of quo warranto—that has yet to be briefed by the Government. There is no basis to deprive Defendant of the opportunity to fully consider and address Plaintiff's motion, particularly in light of

the fact that Plaintiff took over a month to file it and that he never asked the Supreme Court for the remedy sought here.

Accordingly, the Court should summarily deny Plaintiff's emergency motion, or at a minimum allow the briefing of Plaintiff's emergency motion to proceed in the manner prescribed by this Court's local rules and allow Defendant to file his opposition no later than December 18.

Dated:  December 12, 2018                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

HASHIM M. MOOPPAN
BRETT A. SHUMATE
Deputy Assistant Attorneys General

JENNIFER D. RICKETTS
Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Cesar A. Lopez-Morales*
CHETAN PATIL
CESAR A. LOPEZ-MORALES
REBECCA CUTRI-KOHART
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-8550 (office)
cesar.a.lopez-morales@usdoj.gov

*Attorneys for Defendants*