**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                          |     |                        |
| ---------------------------------------- | --- | ---------------------- |
|                                          | *   |                        |
|                                          | *   |                        |
| BARRY MICHAELS,                          |     |                        |
|                                          | *   |                        |
| *Plaintiff*,                             |     |                        |
|                                          | *   |                        |
| v.                                       |     |                        |
|                                          | *   |                        |
| MATTHEW G. WHITAKER, IN HIS              |     | Case No. 18-cv-2906    |
| OFFICIAL CAPACITY,                       | *   |                        |
|                                          |     |                        |
|                                          | *   |                        |
| *Defendant*.                             |     |                        |
|                                          | *   |                        |
|                                          | *   |                        |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF**
**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

The Court should consider Plaintiff's motion for injunctive relief on the schedule proposed by Plaintiff.

The Government does not dispute the need for expedited consideration: It will respond to Plaintiff's petition for certiorari on Monday.  It also does not doubt that if Monday passes, the Government will claim the Motion is moot and can no longer be granted.  That is effectively a concession that Plaintiff *would* be prejudiced by the longer schedule the Government proposes.

Nor, importantly, does the Government claim any prejudice from the proposed schedule; it just does not want to have to comply, because it wants to be able to argue that the Motion is moot.  With the exception of this Court's jurisdiction under a writ of quo warranto, the Government has repeatedly and thoroughly briefed every issue raised by the Motion, drawing on an equally thorough Opinion of the Office of Legal Counsel.  In two days, it can review the handful of relevant decisions relating to that writ.

The Government nonetheless makes two arguments: (1) that the Plaintiff should have sought relief in the Supreme Court before coming here; and (2) that he should have come here sooner.  If those arguments sound contradictory, it is because they are.  Waiting for such a request to be resolved in the Supreme Court—futilely, according to its brief there—would have meant that Plaintiff would have proceeded later in this Court. That is precisely what the Government is complaining about.

But in any event, the Government's arguments lack merit.  The first argument—that Plaintiff should have sought this relief in the Supreme Court first—is about the merits of the Motion: It is a reason that this Court supposedly lacks jurisdiction to grant Plaintiff relief.  The Government should make that argument, if it can, in response to the substance of the Motion.  It is not a reason to set a longer briefing schedule.

The Government cannot seriously make this argument because it is so disingenuous; there is no other appropriate word.  Plaintiff sought the only relief apparently available in the Supreme Court: reversing the Supreme Court's automatic substitution order.  Even as to that, the Government responded emphatically and at length that the Supreme Court was powerless to grant relief.  It argued moreover that the lawfulness of Mr. Whitaker's appointment should be litigated in the lower courts in the first instance.  *See* Motion Ex. B, DE2-1.  Here we are.  And now the Government promptly reverses itself.

First, the Government waves in the direction of a D.C. Circuit decision that it says broadly holds that only the Supreme Court can control anything related to proceedings before it.  Again, that argument is the opposite of its position in the Supreme Court, and it moreover has nothing to do with this Court setting a briefing schedule.  But the decision it cites is also inapposite: the Government omits that in that case the Plaintiff sought an order requiring the Supreme Court's

Clerk to file materials.  *In re Marin*, 956 F.2d 339 (D.C. Cir 1992).  Here, Plaintiff does not seek an order requiring the Supreme Court or any court official to do anything.  Plaintiff wants a lawful official to supervise the Government's litigation of his case.

No less important, the Government does not give any hint how Plaintiff could seek this supposed "additional relief," Opp. 3, in the Supreme Court.  If the Government could have identified a route to seek relief there, it would have.  The Supreme Court does not issue declarations and injunctions in the first instance over whether a government official is lawfully appointed.  Its authority under its Rules goes to the substitution of officials.  Plaintiff sought that relief.

With respect to the lawfulness of Mr. Whitaker's supervision of the case, jurisdiction exists in this Court.  Strikingly, the Government does not argue otherwise.  In particular, *only* this Court has jurisdiction to issue the writ of warranto.  D.C. Code § 16-3501.

Second, the Government says that Plaintiff waited too long before seeking an injunction.  Again, it identifies no prejudice.  But it also ignores the reason Plaintiff is proceeding here now.  Plaintiff has been waiting a short but reasonable time to see if the Supreme Court would act on his Motion to Substitute.  Plaintiff filed that Motion promptly and briefing was completed in the Supreme Court only on November 28.  Plaintiff has waited two weeks to see if the Supreme Court acted.  But the Court has yet to direct the Supreme Court Clerk to circulate the Motion to Substitute to the Justices.  Now that the Government's filing deadline is approaching, it had no choice but to proceed here now, lest the question be mooted.

The Government also claims that the breadth of the relief sought by the Motion is too great for it to respond quickly because Plaintiff seeks an Order unseating the Acting Attorney General.  That is a *non sequitur*: It has repeatedly briefed *this question*, whatever its breadth, and does not argue it would be prejudiced by doing the same thing yet again.  But the premise of the

Government's argument is also wrong: The Motion seeks relief against one official supervising one brief. *See* Opp. 1 ("Plaintiff asks this Court to prevent Mr. Whitaker from supervising a filing[.]").

We promise that when the Government briefs the Injunction Motion itself, it is going to argue emphatically that the Motion should be denied because Mr. Whitaker's role in the case is too insignificant—the opposite argument from the one it makes now.  But the Court should then keep in mind the Government's concrete representation that an Order in this case would "interfere[] with the Government's December 17 filing before the Supreme Court," Opp. 1-2, which is an admission that Mr. Whitaker is involved in the case.  The point of Plaintiff's Motion is that Mr. Whitaker is acting unconstitutionally and unlawfully.  The Court should receive briefs on the schedule proposed by Plaintiff to determine if that is true.[*]

---

[*] Plaintiff intends promptly to amend the Complaint protectively for the sake of adding as Defendants the Department of Justice officials who would receive instructions from Mr. Whitaker in the case, and to seek an injunction against them doing so.  The substance of Plaintiff's claims will remain unchanged.

Dated: December 12, 2018

Respectfully submitted,

By:  /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter
dhwoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

Michael E. Zapin
michaelezapin@gmail.com
20283 State Rd. 7
Suite 400
Boca Raton, FL 33498
(561) 367-1444

*Attorneys for Plaintiff Barry Michaels*